# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

PAUL WEATHER,

                   PLAINTIFF,

   -against-                           **COMPLAINT**

CITY OF MOUNT VERNON and SERGEANT MICHAEL
MARCUCILLI in his individual and official
Capacity,

                   DEFENDANTS.

-------------------------------------------------X

    Plaintiff, PAUL WEATHER, by his attorneys, YOUNG &

BARTLETT, LLP, as and for his complaint against the

Defendants, respectfully sets forth:

## INTRODUCTION AND GENERAL ALLEGATIONS

    1.    This is an action for money damages against the

Defendants CITY OF MOUNT VERNON and SERGEANT MICHAEL

MARCUCILLI, for committing acts under color of law, and

depriving Plaintiff of rights secured by the Constitution

and laws of the United States and the State of New York.

    2.    Upon information and belief, Defendants CITY OF

MOUNT VERNON and SERGEANT MICHAEL MARCUCILLI used excessive

and unnecessary force by such acts as assaulting and

intentionally grabbing Plaintiff, twisting his arm behind

his back, and physically detaining him, thereby causing

physical harm, pain and suffering, all in violation of his

constitutional and civil rights.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:

3.    Upon information and belief, Defendants CITY OF MOUNT VERNON and SERGEANT MICHAEL MARCUCILLI, unlawfully arrested Plaintiff without probable cause, thereby causing physical and psychological harm, pain and suffering, all in violation of his constitutional and civil rights.

4.    Upon information and belief, Defendant CITY OF MOUNT VERNON failed to properly investigate, supervise and discipline the actions of Defendant SERGEANT MICHAEL MARCUCILLI before, during and after the assault and battery of Plaintiff PAUL WEATHER.

5.    Upon information and belief, Defendant CITY OF MOUNT VERNON was negligent in training, hiring and supervising Defendant SERGEANT MICHAEL MARCUCILLI, thus leading to the unjustified arrest and excessive force.

6.    Upon information and belief, Defendant SERGEANT MICHAEL MARCUCILLI had knowledge that his wrongful conduct had the tacit authorization of the CITY OF MOUNT VERNON, upon accosting Plaintiff PAUL WEATHER, who was peaceably at the Mount Vernon High School Gymnasium.  Shockingly, and without provocation, reason, probable cause or any indication that Plaintiff was a threat to his own safety or the safety of others, said Defendant SERGEANT MICHAEL MARCUCILLI proceeded to use unnecessary force, and negligently, purposefully, intentionally, maliciously and

violently assaulted Plaintiff PAUL WEATHER, causing grave injuries to PAUL WEATHER, which resulted in pain and suffering and the deprivation of his rights.

7.   Plaintiff alleges that Defendants falsely arrested PAUL WEATHER without probable cause, assaulted, negligently assaulted, battered, and used excessive and unnecessary force against PAUL WEATHER, and negligently and intentionally restrained PAUL WEATHER, all in violation of his civil and constitutional rights and with great endangerment toward Plaintiff's mental, emotional and physical well-being.

8.   The Plaintiff further alleges that the Defendant CITY OF MOUNT VERNON had a duty to train, supervise and discipline police officers, including the Defendant SERGEANT MICHAEL MARCUCILLI, and was negligent in failing to properly hire, supervise and discipline the Defendant OFFICERS for their unlawful actions as described above.

<u>JURISDICTION AND VENUE</u>

9.   This action is brought pursuant to 42 U.S.C. § 1983 and § 1985, and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343(3) and (4) and the aforementioned statutory and constitutional provisions.   Plaintiff further invokes the pendent

jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to hear and decide any and all claims arising under state law.

10.   Venue for this action is the Southern District of New York based on Plaintiff's residence and the place where the actions complained of herein occurred.

### PARTIES

11.   During all times mentioned in this complaint, Plaintiff PAUL WEATHER was a resident of the United States residing in the State of New York and the CITY OF MOUNT VERNON.

12.   The Defendant CITY OF MOUNT VERNON (hereinafter ``CITY'') is  duly constituted municipal corporation having a place of business in Westchester County, New York, duly organized, governed and existing under and by virtue of the laws of the state of New York.

13.   The Defendant CITY is and was the employer of the named police officer.

14.   During all times the Defendants SERGEANT MICHAEL MARCUCILLI (hereinafter MARCUCILLI was and still is a police officer in the Mount Vernon Police Department, an agency of the Defendant CITY, and at all times was acting in his official capacity and was employed by the Defendant CITY, acting under the direction of Defendant CITY.

15.   Defendant MARCUCILLI was and is a police officer employed by Defendant CITY and is sued herein in his individual and official capacity.

16.   During all times mentioned in this complaint, said Defendants, and each of them, were acting individually and/or collectively under color of law, to wit, under color of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or the County of Westchester.

17.   During all times mentioned in this complaint, the Defendants, separately and in concert, engaged in acts and omissions which constituted deprivation of the constitutional rights, privileges and immunities of the Plaintiff, and while these acts were carried out under color of law, they had no justification or excuse in law, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property or ensuring civil order.

## STATEMENT OF FACTS

18.   On January 12, 2007, at approximately 5:15 p.m., Plaintiff was legally on the premises of the Mount Vernon High School Gymnasium located at 100 California Road in Mount Vernon, New York.   The High School Gymnasium is part of an educational facility and was open to the general public.

19.   The Defendants did assault and batter Plaintiff and detain and arrest plaintiff without probable cause or justification.

20.   The Defendants never filed criminal charges against plaintiff.

21.   Plaintiff had not physically resisted or assaulted the Defendant MARCUCILLI in any way, and the force used against him was unnecessary, unreasonable and excessive.

22.   At no time during the events described above, was Plaintiff intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly.  He had not committed any criminal offense nor were they suspected of same.

23.   The Defendant MARCUCILLI had no warrant for the arrest of Plaintiff, no probable cause for the arrest of Plaintiff and no legal cause or excuse to seize the person of Plaintiff.

24.   As a direct and proximate result of the acts of Defendants, the Plaintiff PAUL WEATHER suffered physical, emotional and financial damages.

25.   The above actions were done in reckless disregard of the Plaintiff's health and safety.

26. Plaintiff was admitted to the hospital for medical treatment for his injuries.

27. There was no legally justifiable basis for the illegal, unlawful, negligent, and careless detention of the Plaintiff.

28. As a direct and proximate result of the actions of the Defendants, Plaintiff PAUL WEATHER's constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution were violated. Specifically, the following clearly established and well settled federal constitutional rights of the plaintiff were violated:

(a) Freedom from the unreasonable seizure of his person;

(b) Freedom from the use of excessive, unreasonable and unjustified force against his person;

(c) Freedom from cruel and unusual punishment;

(d) Right of due process;

(e) Equal protection under the law.

29. On February 2, 2007, Plaintiff filed and served a Notice of Claim with the Defendant CITY OF MOUNT VERNON.

30. The CITY conducted a 50-H hearing at which the Plaintiff gave testimony pursuant to the General Municipal Law.

31.   More than thirty days have passed and the Defendants have not adjusted this claim.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C. §1983 - EXCESSIVE USE OF FORCE

32.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31 of this complaint with the same force and effect as though fully set forth herein.

33.   The Plaintiff, PAUL WEATHER's rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983, in that Plaintiff PAUL WEATHER was subjected to excessive and unreasonable force by Defendant MARCUCILLI who assaulted the Plaintiff.

34.   The Defendants' actions caused and resulted in the use of excessive force against the Plaintiff PAUL WEATHER by Defendants, including, but not limited to, Defendant MARCUCILLI, constituted unreasonable and excessive force by a police officer as well as abuse of process.  Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious police actions but failed to prevent same and breached their duty.

35.   As a consequence of Defendants' wrongful actions, negligent behavior and violation of state and federal laws, Plaintiff was deprived of his freedom, was seriously physically injured, was subjected to great fear and terror

and personal humiliation and degradation, and suffered severe physical pain and impairment, as well as mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant OFFICERS and the other Defendants.

36.   That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.


## AS AND FOR A SECOND CAUSE OF ACTION
### False Arrest

37.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-36 of this complaint with the same force and effect as if fully set forth herein.

38.   Defendants' concerted actions, under color of law, caused plaintiff to be falsely arrested in violation of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and the Laws of the State of New York.

39.   As a result of the above, Plaintiff, PAUL WEATHER, suffered damages to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal liberty as protected by the United States Constitution and applicable Federal and New York State Statutes.

40.   As a direct and proximate result of the foregoing actions, said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

41.   As a result of the above, Plaintiff PAUL WEATHER has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

## AS AND FOR A THIRD CAUSE OF ACTION
### False Imprisonment

42.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-41 of this complaint with the same force and effect as if fully set forth herein.

43.   Defendants' concerted actions, under color of law, caused Plaintiff to be falsely imprisoned in violation of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983 and the Laws of the State of New York.

44.   As a result of the above, Plaintiff, PAUL WEATHER, suffered damages to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal

liberty as protected by the United States Constitution and applicable Federal Statutes.

45.   As a direct and proximate result of the foregoing actions, said Defendants deprived Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

46.   As a result of the above, Plaintiff PAUL WEATHER has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim together with such punitive damages, costs and fees as may be deemed just and proper by the Court.

## AS AND FOR A FOURTH CAUSE OF ACTION
42 U.S.C. § 1983 - Municipal Violations

47.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in 1 through 46 of this complaint with the same force and effect as though fully set forth herein.

48.   Prior to January 12, 2007 and since, the CITY has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force and beatings against civilians by police officers of its police department and illegal arrests by police officers of its police department.  Although such beatings and illegal uses of force were improper, the officers involved were not

11

prosecuted, disciplined or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings and uses of force were justified and proper. As a result, police officers of the CITY were caused and encouraged to believe that civilian persons could be beaten or abused under the circumstances not requiring the use of excessive force, and that such beating would in fact be permitted by the CITY.

49.    In addition to permitting a pattern and practice of improper beatings and abuses of civilian persons, the CITY has failed to maintain a proper system for investigation of all incidents of unjustified beatings and excessive use of force by police officers.

50.    The CITY has maintained a system of review of unjustified beatings, excessive use of force, and illegal arrests by police officers that has failed to identify the improper brutality by police officers and failed to subject officers who beat and/or brutalized citizens to discipline, closer supervision or restraint and who illegally arrested citizens, to the extent that it has become the custom of the CITY to tolerate the improper beatings, illegal arrests and other wrongful actions by police officers.

51.    Upon information and belief, specific flaws in the CITY brutality review process include, but are not limited to, the following:

        a.    Preparing reports regarding investigations of beatings and excessive force claims as

routine point-by-point justifications of the police officer's actions, regardless of whether such actions are justified;

b.  Police officers investigations of beatings and other excessive force claims systematically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.  Police officers investigating beatings/excessive force claims fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.  Supervisory police officers at times issue public statements exonerating police officers for excessive use of force and improper beating and use of unnecessary and excessive force before the investigation of the incident by the police department has been completed;

e.  Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

52.   The foregoing acts, omissions, systemic flaws, policies and customs of the Defendant CITY caused police officers of its police department to believe that brutality and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers would most likely use excessive force in situations where such force is neither necessary nor reasonable.

53.   As a direct and proximate result of the aforesaid acts, omissions, systemic flaws, policies, practices and customs of the Defendant CITY, Defendant MARCUCILLI unjustifiably struck and arrested Plaintiff, PAUL WEATHER, all in violation of his civil and constitutional rights and as a result of said acts Plaintiff has suffered from physical injury, psychological harm, mental distress, humiliation, embarrassment, fear and being prevented from attending his usual duties.

54.   By permitting and assisting such a pattern of police misconduct, the CITY has acted under color of custom and policy to condone, encourage and promote the deprivation of PAUL WEATHER's rights as guaranteed under 42 U.S.C. §§ 1983 and 1985 as well as under the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution; to wit, the Defendant MARCUCILLI were encouraged by the CITY to believe that their actions against the Plaintiff would be accepted without impunity, just as these actions have been so accepted to date.

55.    As a consequence of Defendants' systemic practice, pattern and custom of intentionally promoting and supporting Officers' violations of 42 U.S.C. §§ 1983 and 1985, PAUL WEATHER was deprived of his freedom and physically harmed, to the extent of which he suffered from various injuries that required medical attention.

56.    As a proximate cause of the CITY's custom and policy of supporting and effectively promoting the very same police abuses which occurred against PAUL WEATHER, said Plaintiff was further subjected to great fear, personal humiliation and degradation, with wanton disregard for the serious harm and damage done to the physical and emotional well being of the Plaintiff.

57.    The Defendant MARCUCILLI and CITY had a duty under 42 U.S.C. §§1983 and 1985, as well as under the Fourth, Fifth and Fourteenth Amendment, New York State Law, and their own rules and regulations to prevent and cease the assault on Plaintiff, as well as a duty to investigate, supervise and discipline Defendant MARCUCILLI and prevent other wrongful acts that were committed against Plaintiff PAUL WEATHER.  Defendant MARCUCILLI breached said duty, by his actions and omissions as described in the preceding paragraphs.

58.    That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

## AS AND FOR A FIFTH CAUSE OF ACTION

59.    The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 58 of this complaint with the same force and effect as though fully set forth herein.

60.    Defendants' concerted actions were grossly negligent, recklessly indifferent and shocking to the conscience in their purposeful and intentional violation of the defendant's duty of care towards Plaintiff under the laws of the State of New York.

61.    As a result of the above, Plaintiff, PAUL WEATHER, suffered damage to his reputation, incurred legal fees, suffered mental and emotional trauma, lost his enjoyment of life and was deprived of his civil rights and personal liberty as protected by the United States Constitution, applicable Federal statutes, and laws of the State of New York.

62.    That by reason of the foregoing, Plaintiff has been damaged in amounts exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this claim.

WHEREFORE, Plaintiff demands judgment against Defendants:

a.    On the First Cause of Action in the sum of TWO MILLION FIVE HUNDRED THOUSAND($2,500,000);

b.   On the Second Cause of Action in the sum of TWO
     MILLION FIVE HUNDRED THOUSAND($2,500,000);

c.   On the Third Cause of Action in the sum of TWO
     MILLION FIVE HUNDRED THOUSAND($2,500,000);

d.   On the Fourth Cause of Action in the sum of TWO
     MILLION FIVE HUNDRED THOUSAND($2,500,000);

e.   Award attorney's fees and costs of this action to

     the Plaintiff pursuant to 42 U.S.C. §1988; and

f.   Award such other and further relief as this Court

     may deem appropriate.


## A JURY TRIAL IS HEREBY DEMANDED


Dated: January 4, 2008
       White Plains, New York


        Yours, etc.

        YOUNG & BARTLETT, LLP

        By:_____
        Francis X. Young, Esq. (8205)
        Attorneys for Plaintiff
        81 Main Street, Suite 118
        White Plains, New York 10601
        (914) 285-1500

17