UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL WEATHER,

                      *Plaintiff,*

          -against-

THE CITY OF MOUNT VERNON and SERGEANT
MICHAEL MARCUCILLI in his individual and official
capacity,

                      *Defendants.*

**08 CIV 0192 (RPP) (LMS)**

**REQUEST TO CHARGE**

Plaintiff submits the following request to charge the jury:

## §1983 General Instructions

### Instruction 87-65: The Statute

The law to be applied in this case is the federal civil rights law, which provides a remedy for individuals (*or other entities*) who have been deprived of their constitutional (*or statutory*) rights under color of state law.

*Section 1983 of Title 42 of the United States Code* states:

> *Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.*

### Instruction 87-67: Plaintiff's Burden of Proof

The plaintiff has the burden of proving each essential element of his Section 1983 claim by a preponderance of the evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true. If you find that any of the essential elements of plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

1

**Instruction 87-68: Essential Elements of a Section 1983 Claim**

To establish a claim under Section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law;

Second, that in committing these acts, the defendant intentionally or recklessly deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of injuries sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

## First Element--Action Under Color of State Law

**Instruction 87-69: Definition**

The first element of the plaintiff's claim is that the conduct complained of was committed by the defendant acting under color of state law.

Action "under color of state law" means that the defendant claims to be acting pursuant to authority given him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.

**Instruction 87-70: State Official Acting Under Color of State Law as a Matter of Law**

Whether the defendant committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. Assuming that the defendant did commit those acts, I instruct you that, since the defendant purported to be taking those acts in his capacity as an official of the state of New York at the time of the acts in question, he was acting under color of state law.

## Second Element--Deprivation of Right

**Instruction 87-74: General Instruction**

The second element of plaintiff's claim is that the defendant, in committing the acts complained of, intentionally or recklessly deprived the plaintiff of a federal right by the defendant. In order for the plaintiff to establish this second element, he must show that those acts that you have found the defendant took under color of state law caused the plaintiff to suffer the loss of a federal right; and, that, in performing those acts, the defendant acted with an intent to deprive the plaintiff of his rights or with a reckless disregard of those rights.

### Instruction 87-74C: Excessive Force

The *Fourth Amendment to the United States Constitution* protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.

In the instant case, the plaintiff claims that he was subjected to excessive force by the defendant. To determine whether the defendant's acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used was reasonable. In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight. However, you do not have to determine whether the defendant had less intrusive alternatives available, for the defendant need only to have acted within that range of conduct identified as reasonable. If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have established the claim of loss of a federal right.

### Instruction 87-75: State of Mind—General

To prove the second essential element of his claim, the plaintiff must not only show that the defendant's acts deprived the plaintiff of a federal right but also that the defendant took those acts with an intent to deprive the plaintiff of his rights or with reckless indifference to those rights.

### Instruction 87-76: State of Mind—Intentional

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

### Instruction 87-77: State of Mind—Recklessness

An act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if nevertheless he purposely disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, then the second essential element would be satisfied.

## Third Element—Causation

**Instruction 87-79: Proximate Cause--Generally**

The third element which plaintiff must prove is that the defendant's acts were a proximate cause of injuries sustained by the plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

**Instruction 87-79A: Short Form Section 1983 Instruction (Excessive Force)**

In the context of this case, the plaintiff, in order to prevail on his claim against the defendant, must prove by a preponderance of the credible evidence each of three elements:

> first, that the defendant used excessive force against the plaintiff;
> second, that the defendant did so intentionally or recklessly; and
> third, that the excessive force proximately caused injury to the plaintiff.

As to the first element, bear in mind that a police officer has the right and duty to use such reasonable force as is necessary under the circumstances. Accordingly, in this context, excessive force is force that exceeds what would be reasonable for a police officer to use for such purposes under all the facts and circumstances presented by the situation.

As to the second element, a defendant who uses excessive force is liable only if he does so with an actual intent to use excessive force or does so "recklessly," that is, with conscious disregard of the high probability that excessive force will be used.

As to the third element, an act is a proximate cause of an injury if it was a substantial factor in bringing about that injury and if the injury was a reasonably foreseeable consequence of the defendant's act.

If plaintiff proves all three of these elements by a preponderance of the credible evidence, you should record on your verdict form that you find the defendant "Liable." If plaintiff fails to prove any or all of these elements, you should record on your verdict form that you find the defendant "Not Liable."

## Damages

**Instruction 87-87: Compensatory Damages**

If the plaintiff has proved all three essential elements of his Section 1983 claim, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the defendant's misconduct.

You shall award damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award damages for *any* injury suffered by plaintiff--you must award damages only for those injuries that are a proximate result of conduct by the defendant that violated plaintiff's federal rights under color of law.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

**Instruction 87-92: Punitive Damages**

Whether or not you award the plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

## New York Damages

**PJI 2-281: Damages—Personal Injury—Future—Permanence—Life Expectancy Tables**

With respect to any of the plaintiff's injuries or disabilities, the plaintiff is entitled to recover for future pain, suffering and disability and the loss of his ability to enjoy life. In this regard you should take into consideration the period of time that the injuries or disabilities are expected to continue. If you find that the injuries or disabilities are permanent, you should take into consideration the period of time that the plaintiff can be expected to live. In accordance with statistical life expectancy tables, Plaintiff has a life expectancy of 30.9 years. Such a table, however, provides nothing more than a statistical average. It neither guarantees that Plaintiff will live an additional 30.9 years or means that he will not live for a longer period. The life expectancy figure I have given you is not binding upon you, but may be considered by you together with your own experience and the evidence you have heard concerning the condition of Plaintiff's health, his habits, employment and activities in deciding what Plaintiff's present life expectancy is.

Dated: February 3, 2011
      White Plains, New York

                              Respectfully submitted,

                              Francis X. Young (8205)
                              YOUNG & BARTLETT, LLP
                              *Attorneys for Plaintiff*
                              81 Main Street – Suite 118
                              White Plains, New York 10601
                              (914)285-1500 - Phone
                              (914)285-0055 - Fax