UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PAUL WEATHER,

        Plaintiff,

   - against -

THE CITY OF MOUNT VERNON and
SERGEANT MICHAEL MARCUCILLI,
in his individual and official capacity

        Defendants.
----------------------------------------------------------X

08 Civ. 192 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.,**

On April 5, 2011, Plaintiff moved for an award of fees and expenses for work performed by his attorney, Francis X. Young, Mr. Young's Partner, Mayo G. Bartlett, and Barry Strutt, Esq., with whom Mr. Young consulted regarding Defendants' qualified immunity motion, pursuant to 42 U.S.C. § 1988 and Rule 54(d)(2) of the Federal Rules of Civil Procedure. Plaintiff requests an hourly rate of $400 and a total award of fees and expenses of $85,187.38.[1] Defendants contend that Plaintiff's hourly rate for work performed from 2007-2009 should be reduced to $300. Defendants also argue that Plaintiff's counsel overbilled at attorney hourly rates for clerical and paralegal services, and that Plaintiff inappropriately billed for travel time. Defendants further object that Plaintiff's application for an expert fee is improper.

---

[1] On Page 2 of Plaintiff's motion for fees, Plaintiff asserts that he is asking to be compensated for 186.8 hours spent working on Plaintiff's case up to the issuance of a verdict, plus four hours of post-verdict work, for a total of 190.8 hours, at an hourly rate of $400. He claims a total fee of $75,380. However, the product of 190.8 and 400 exceeds 75,380 (totaling $76,320). Upon review of Plaintiff's billing records, it appears that this discrepancy is the result of Plaintiff's not billing for a total of 2.35 of his listed hours. See Affidavit of Francis X. Young at 4-7. The accurate number of hours claimed for the purposes of Plaintiff's fee application totals 188.45.

# BACKGROUND

On January 9, 2008, Plaintiff Paul Weather commenced this action by filing the Complaint, asserting claims of excessive force, false arrest and false imprisonment pursuant to 42 U.S.C. § 1983 as well as false arrest, false imprisonment and tort claims under New York state law. Plaintiff also asserted claims for municipal liability pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978). Prior to trial, all claims were voluntarily dismissed except for the § 1983 excessive force claim and a claim for battery under New York state law.

Plaintiff's claim arose from an incident at the Mount Vernon High School on January 12, 2007. (Compl. ¶ 18.) Plaintiff was exiting the school during a basketball game when he was assaulted by Sergeant Michael Marcucilli, a sergeant with the Mount Vernon Police. (Id. ¶ 19.) Plaintiff presented evidence at trial that as a result of this incident, he sustained a fractured clavicle, an injury to his right rotator cuff and aggravation of a pre-existing injury to his left rotator cuff.

This case was originally assigned to Judge Stephen Robinson, but was reassigned to this Judge on November 12, 2010. Trial was held from February 14, 2011 to February 17, 2011, when the jury entered a verdict in favor of the Plaintiff on both claims. The jury awarded the Plaintiff $290,000 in compensatory damages and $25,000 in punitive damages.

# DISCUSSION

Plaintiff now moves for an award of attorneys' fees pursuant to 42 U.S.C. § 1988, which states in pertinent part that a court may award the prevailing party in a § 1983

action "a reasonable attorney's fee as a part of the costs." 42 U.S.C. § 1988. "Congress enacted fee-shifting statutes… to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole. . . ." Quaratino v. Tiffany & Co., 166 F.3d 422, 426 (2d Cir. 1999).

As a prevailing party in a § 1983 suit, Plaintiff Weather is entitled to a reasonable attorney's fee. To evaluate the reasonableness of a requested fee, courts traditionally employ the lodestar method, pursuant to which a reasonable fee is calculated by multiplying the number of attorney hours reasonably expended by a reasonable hourly rate for the attorney's services. Blanchard v. Bergeron, 489 U.S. 87, 93 (1989). The utility of this method in the § 1988 context was recently reaffirmed by the Supreme Court in Perdue v. Kenny A., 130 S. Ct. 1662, 1669 (2010). This Circuit has also endorsed starting the reasonableness analysis by calculating the presumptively reasonable fee, bearing in mind all relevant case-specific variables, including, inter alia, "the complexity and difficulty of the case," "the resources required to prosecute the case effectively," and "the timing demands of the case." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 493 F.3d 110, 112 (2d Cir.2007). The presumptively reasonable fee essentially represents "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." Id. at 112, 118. The reasonableness of Plaintiff's counsel's request will be evaluated by determining a reasonable hourly rate and number of hours expended, and by weighing the factors set forth in Arbor Hill.

    I.       Reasonableness of Plaintiff's Counsel's Hourly Rate

Plaintiff's counsel Mr. Young seeks a rate of $400 per hour for himself and his partner, Mayo G. Bartlett, and Barry Strutt, Esq., with whom Mr. Young consulted regarding Defendants' qualified immunity motion. (Affidavit of Francis X. Young ("Young Aff.") at ¶¶ 14, 16, 17-18.) Defendants do not dispute that $400 is reasonable for "preparation and review for court conferences . . . the qualified immunity motion and related research, [or] pre-trial work performed in the end of 2010 and 2011," but argues that to charge $400 for the years 2007-2009, the period prior to trial preparation, is unreasonable. (Affidavit of Hina Sherwani ("Sherwani Aff." ) at 6.)

In determining whether an attorney's hourly rate is reasonable, the court uses "'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." Arbor Hill, 493 F.3d at 120 (quoting In re "Agent Orange" Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987)). Courts should rely on both evidence submitted by the parties as to the rates they typically charge, Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005), and "its own knowledge of comparable rates charged by lawyers in the district." Morris v. Eversley, 343 F.Supp. 2d 234, 245 (S.D.N.Y. 2004).

In this district, experienced civil rights attorneys have routinely been awarded rates approaching or exceeding $400. Martinez v. Port Authority of New York and New Jersey, No. 01 Civ. 721, 2005 WL 2143333 at *26 (S.D.N.Y. Sept. 5, 2005) (awarding rate of $425 for experienced partner in civil rights case); Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (awarding an experienced civil rights litigator fees at $600 per hour); Vilkhu v. City of New York, No. 06 Civ. 2095, 2009 WL 1851019, at *4 (E.D.N.Y. June 26, 2009) ("precedent in the Southern District reveals that rates awarded

4

to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time.")

In support of the fee application, Plaintiff's counsel Mr. Young attests that while he generally works on a contingency basis, when he does work on an hourly rate, the rate he charges is $400 per hour. (Young Aff. ¶ 17.) He also affirms that he has been practicing law since 1984, and that during this time he has been primarily engaged in civil litigation including federal civil rights litigation. (Id. ¶ 4, 5-8.) Mr. Young estimates that he has tried approximately 60 civil tort cases to jury verdict. (Id. ¶ 9.) In view of his stated experience, $400 is a reasonable hourly rate for Mr. Young.

Defendants do not specify why $400 is a reasonable rate for the later stage of the case but not its preliminary stages. Therefore we construe it as a challenge to the reasonableness of the rate in view of the uncomplicated nature of the early stages of the case. Review of Mr. Young's billing records, demonstrates that from 2007 to 2009 he was primarily engaged in discovery, including review of medical evidence, preparation of interrogatories and requests for documents, and preparing for depositions. (Young Aff., Ex. 3 at 1-4.) These tasks were central to the preparation of Plaintiff's case and essential steps to obtaining a favorable outcome. Defendants' argument that a reduced rate should apply to the earlier stages of the case fails.

Barry Strutt, Esq., who assisted Plaintiff with opposing Defendants' qualified immunity motion, also requests $400 per hour for the 12 hours he worked on this case. (Young Aff., Ex. 2.) Mr. Strutt has been a practicing attorney since 1986, with extensive experience in police misconduct cases. (Id. ¶¶ 3, 6-8.) Mr. Strutt affirms that $400 is his

billing rate when he bills hourly.  (Id. ¶ 15.)  In view of Mr. Strutt's experience, as well as the complicated nature of qualified immunity, the legal issue he addressed on behalf of Plaintiff, the Court finds a $400 hourly fee to be reasonable.

    II.        Time Reasonably Expended

"In determining how much attorney time should be compensated, the court looks initially to the amount of time spent on each category of tasks, as reflected in contemporaneous time records, e.g., Malletier v. Dooney & Bourke, Inc., No. 04 Civ. 5316, 2007 WL 1284013, at *1 (S.D.N.Y. Apr. 24, 2007) (citing New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1142-43, 1147 (2d Cir.1983)), and then decides how much of that time was 'reasonably expended.' Id." Tucker v. City of New York, 704 F. Supp. 2d 347, 354 (S.D.N.Y. 2010).  In examining Mr. Young's billing records, it appears that he devoted a reasonable amount of time to the various categories of tasks necessary to prepare this case for trial.  Much of his time was devoted to fact discovery, including corresponding with experts and reviewing medical evidence, preparing interrogatories and document requests, and attending depositions.  Another substantial category of tasks, starting in late 2010, dealt with trial preparation, including preparing evidence, witness subpoenas, and the necessary pre-trial documents such as jury charge requests and the pre-trial memorandum.  Then, nearly 50 hours are devoted to the trial itself, with an additional several hours devoted to post-trial briefing.  With certain exceptions set forth below, the Court does not find that Plaintiff's counsel devoted an unreasonable amount of time to any category of tasks.

    III.       Reasonableness of Charging Attorney Rates for Clerical Tasks

Defendants challenge the reasonableness of Mr. Young's practice of charging the same hourly rate, $400, for all the time devoted to the case when some of the tasks that Mr. Young undertook were clerical in nature. (Sherwani Aff. at 2-5.) Defendants argue that entries reflecting "administrative tasks that could have been completed by paralegals," should be charged at a reduced rate of $125.[2] (Id. at 4.)

Where a lawyer performs tasks more suitable for a paralegal or other clerical employee, it is appropriate to reduce his or her rate. Tucker, 704 F. Supp. 2d at 356 ("The plaintiff's application seeks to charge full attorney rates for [clerical] services, a demand that is indefensible."); Simmons v. New York City Transit Auth., No. 02 Civ. 1575, 2008 WL 2795138 at *2 (E.D.N.Y. July 17, 2008) (reducing attorney rate to paralegal rate for administrative tasks); Staples, Inc. v. W.J.R. Assocs., No. 04 Civ. 904, 2007 WL 2572175 at *8 (E.D.N.Y. September 4, 2007) (reducing attorney rate to paralegal rate for hours spent assembling, copying and collating motion papers).

Defendants have itemized, by making notations on Mr. Young's billing records, those entries they assert are subject to reduction. Several of the items Defendants selected appear to represent legitimate attorney time, such as entries representing the review of medical records and review of correspondence from defense counsel. Other entries, including entries denoting time spent copying, filing documents and sending faxes, are clerical in nature and to compensate Mr. Young for time spent on such tasks at a $400 rate would be unreasonable. The time found by the Court to be subject to a reduced paralegal rate totals 7.45 hours, which will be compensated at a $125 rate.

---

[2] Defendants also contend that some tasks are so administrative that they fall short of work appropriate for a paralegal and should be charged a $75.00 clerical rate. Every attorney must use his or her own discretion in determining how to organize and delegate work, and this Court finds that a reduction to a paralegal rate, rather than a clerical rate, for all time spent on non-attorney work is appropriate.

7

Defendants also assert that Plaintiff made a typographical error with respect to an entry on December 6, 2010 indicating that three hours were spent making service by fax and mail of narrative reports of Plaintiff's medical witnesses on defense counsel. The Court agrees that this appears to be an error, and reduces that entry to .3 hours, which will be charged at the $125 paralegal rate.

IV.     Travel

Defendants also challenge the award of a full attorney rate as compensation for time spent traveling in conjunction with this case. (Sherwani Aff. at 7.) Generally, time spent traveling is charged at 50% of the standard rate. Gonzalez v. Bratton, 147 F.Supp. 2d 180, 213 n. 6 (S.D.N.Y. 2001). Therefore, the 3.5 hours that Plaintiff's billing records indicate were spent traveling will be compensated at a rate of $200.

V.      Expert Fee

Defendants do not articulate an objection to Plaintiffs requests for costs and expenses in addition to the attorneys' fees, other than to contend that Plaintiff's charge for an expert fee in its costs is inappropriate under the law. Plaintiff cites Murphy v. Arlington Cent. School Dist. Bd. Of Educ, 402 F.3d 332, 336 (2d Cir. 2005), which in turn relied upon West Virginia Univ. Hospitals, Inc. v. Casey, 499 U.S. 83 (1991), for the proposition that expert fees are not recoverable under § 1988. As Murphy expressly states, Casey was abrogated by statute, and courts are now expressly authorized to include expert fees in costs awarded pursuant to the fee-shifting provisions of 42 U.S.C. § 1988. "In awarding an attorney's fee [in a § 1983 litigation]…the court, in its discretion, may include expert fees as part of the attorney's fees." 42 U.S.C. § 1988(c). Defendants' argument fails and Plaintiff is entitled to recover the expert fee.

## CONCLUSION

As set forth above, Plaintiff has established that his hourly rate and requested time is generally reasonable. Deductions will be made, however, to compensate for time entries that reflect administrative or clerical work, and to account for time spent traveling. Expert fees are permissibly included as a part of Plaintiff's costs.

Plaintiff is hereby awarded at total of $81,276.13:

| | |
|---|---|
| Total Requested Attorney Hours: | 188.45 |
| Attorney Hours Deducted as Reflecting Paralegal Work: | 7.75 |
| Attorney Hours Deducted as Reflecting Travel: | 3.5 |
| Attorney Hours Excluded as Reflecting Typographical Error: | 2.7 |
| Fee for Net Attorney Hours (174.5 * $400) | $69,800 |
| Fee for Paralegal Work (7.75 * $125) | $968.75 |
| Fee for Travel (3.5 * $200) | $ 700 |

| | |
|---|---|
| Total Fee: | $71,468.75 |
| Costs, including expert fee: | $9,807.38 |
| **Total Award:** | **$81,276.13** |

9

IT IS SO ORDERED.

Dated: New York, New York
       May 27, 2011

_____
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Order faxed to:**

*Counsel for Plaintiff:*

Francis Xavier Young
Young and Bartlett, LLP,
81 Main St.
White Plains, NY 10601
(914) 285-1500
Fax: 914- 285-0055

*Counsel for Defendants:*

Hina Sherwani
City of Mt. Vernon- Corporation Counsel
1 Roosevelt Square
Rm. 111
Mt. Vernon, NY 10550
(914) 665-2374
Fax: 914-665-9142