UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PAUL WEATHER,

                          Plaintiff,

        - against -

THE CITY OF MOUNT VERNON and
SERGEANT MICHAEL MARCUCILLI,
in his individual and official capacity

                          Defendants.
------------------------------------------------------------X

08 CV 192 (RPP)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/13

**ROBERT P. PATTERSON, JR., U.S.D.J.,**

        On April 19, 2012, Paul Weather, Plaintiff/Appellee, moved under 42 U.S.C. § 1988 for an award of attorneys fees as the prevailing party on appeal.

        The motion was accompanied by (1) contemporaneous time records of trial attorney Francis X. Young, Esq. ("Mr. Young"), a White Plains attorney, reflecting 15.8 hours of work at a rate of $400.00 an hour and two hours of travel time to attend a Second Circuit conference at a rate of $200.00 an hour for a total bill of $6,620.00; (2) contemporaneous time records of appellate counsel Barry R. Strutt, Esq. ("Mr. Strutt") for 67.5 hours of work at a rate of $400.00 an hour for a total bill of $27,000.00; and (3) an invoice for $432.00 as costs for printing the Plaintiff/Appellee's response brief on appeal. In sum, Plaintiff/Appellee seeks an award of $34,052.00 in fees and costs.

        Defendants/Appellants' opposition to the Plaintiff/Appellee's motion argues (1) that the proposed fees are unreasonable, citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 118 (2d Cir. 2007); 2) that the attorney charges for administrative tasks should be charged at paralegal rates, citing Kahlil v. Original Old

1

Homestead Rest., Inc., 657 F.Supp.2d 470, 477 (S.D.N.Y. 2009); Simmons v. New York City Transit Auth., 2008 WL 2795138, *2 (E.D.N.Y. July 17, 2008); and Staples, Inc. v. W.J.R. Assocs., 2007 WL 2572175, *8 (E.D.N.Y. Sept. 4, 2007); 3) that the time Mr. Young spent reading and reviewing briefs and appendices was redundant and excessive and should be eliminated, citing Shannon v. Fireman's Fund Ins. Co., 156 F. Supp. 2d 279, 302 (S.D.N.Y 2001); Tucker v. City of New York, 704 F.Supp.2d 347, 354 (S.D.N.Y. 2010); 4) that the Court should apply a 35% across the board reduction for vagueness; and 5) that the charges can be reduced for "block billing," citing Cathay Bank v. Young Ho Seo, No. 06 CV 15445, 2009 U.S. Dist. LEXIS 123055, at *16 (Dec. 16, 2009, S.D.N.Y.). The Court notes that Defendants/Appellants' 55 page appeal brief raised six major points with numerous subparts and was heavily fact-specific, as outlined in Mr. Strutts' affidavit, dated April 13, 2011.

After review of Plaintiff/Appellee's submissions and Defendants/Appellants' objections, the Court finds, for the reasons discussed below, that Plaintiff/Appellee's hourly rates are reasonable. This Court is tasked with reviewing time charges for the same attorneys whose hourly rates the Court previously found were reasonable in its award of attorneys' fees at trial. Both Mr. Young, the trial attorney, and Mr. Strutts, appellate counsel, have more than twenty years of experience, and their rates are not unreasonable in light of the rates approved by the court in Cathay Bank, a default judgment proceeding for a Greenwich, Connecticut firm. Id. at *12 (citing Sheehan v. Metropolitan Life Insurance Co., 450 F.Supp.2d 321, 328 (S.D.N.Y. 2006) (accepting $425 as a reasonable hourly rate for the work of a senior partner); Design Tex Group, Inc. v. U.S Vinyl Mfg. Corp., No. 04 CV 5002, 2005 WL 2063819, at *4 (Aug. 24, 2005 S.D.N.Y.) (accepting $395 to $485 per hour as reasonable hourly rates for partners)).

The Defendants/Appellants' next argue that Plaintiff/Appellee's attorney charges for administrative tasks should be billed at paralegal rates. Defendants/Appellants' calculate that a total of 1.9 hours of such administrative tasks were charged at attorney rates on thirteen different dates. (Defendant/Appellant Brief at 4). Based on these numbers, the Court notes that Plaintiff/Appellee's counsel spent an average of approximately ten minutes on each of these tasks. Considering that delegating each of these tasks to paralegals would require time for the attorney first to explain the task, then for the paralegal to execute it, and then for the paralegal to report back to the attorney, the overall time expended – and fee charged – by counsel for Plaintiff/Appellee for each of these small administrative tasks is most likely less than if the tasks had been delegated to paralegals, as suggested by Defendants/Appellants. Accordingly, the Court declines to reduce the fees charged by Plaintiff/Appellee's attorneys for these tasks.

Next, Defendants/Appellants complain about duplication of work because the trial attorney and the appellate attorney both charged for the time they spent reading the 595-page trial transcript. Mr. Young's reading took 5.5 hours. Mr. Strutt spent 23 hours reading the trial transcript and briefs, which included making notes for findings. The time Mr. Strutt required to draft the appellate brief and edit it to 62 pages, which included rereading Plaintiff's trial brief, round the total to 41 hours.

In considering the duplication of hours by two different lawyers, the Court is aware that it is common practice for small firms to rely on a lawyer specializing in handling appeals to handle an appeal for a trial counsel, and for trial counsel to review the trial record in order to be able to answer any questions the appellate lawyer may have as to what exactly went on at trial. In these arrangements, the trial attorney's review of the record is a necessary task to ensure that the brief that the appellate attorney drafts does not overlook trial considerations. Furthermore, here it

3

appears, from the hourly records, that neither Mr. Young nor Mr. Strutt charged his time for any intra-counsel conferences. Because of Plaintiff/Appellee's use of an appellate attorney, the Court finds that the number of hours charged by both attorneys were reasonable and neither redundant nor excessive.

The Court also finds that the Defendants/Appellants' requests for a 35% across the board reduction for vagueness and a reduction for block billing are not supported by any analysis and do not appear to be appropriate here. These objections are normally utilized for time charged for discovery and trial preparation.

Accordingly, for the reasons discussed above, Plaintiff/Appellee's request for attorney fees of $33,620.00 and printing costs of $432.00 is approved. Enter judgment.

IT IS SO ORDERED.

Dated: New York, New York
       January 31, 2013

*Robert P. Patterson, Jr.*
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Order faxed to:**

*Counsel for Plaintiff:*

Francis Xavier Young
Young and Bartlett, LLP,
81 Main St.
White Plains, NY 10601
(914) 285-1500
Fax: 914- 285-0055

*Counsel for Defendants:*

Hina Sherwani
City Hall Law Department
1 Roosevelt Square
Rm. 111
Mt. Vernon, NY 10550
(914) 665-2374
Fax: 914-665-9142